Dear Rep. McDonald:
Your request for an opinion on behalf of The Swartz Community has been received and forwarded to me for response. This office understands there is a highway in front of the site with a curve that has compelled the Ouachita Parish School Board to communicate its concern for students and drivers loading and unloading buses. Additionally, your request states that there is a canal adjacent to the site that raises other safety issues such that it becomes a fast moving river during the rainy season.
This office is also in receipt of a copy of Ordinance No. 8444, which creates the property standards board of appeals to be appointed by the Ouachita Parish Police Jury. Based on our review of the ordinance, this office opines that the powers, duties, and responsibilities of the board of appeals, as outlined therein, provide a procedural framework for it to police substandard property that it deems hazardous to inhabitants. However, the language within Ordinance No. 8444 applies to already existing structures. Hence, the issuance of a building permit for the future construction of an apartment complex does not fall within the purview of Ordinance No. 8444 until such time that said structure has been built.
The issue for consideration is whether the Ouachita Parish Police Jury has the authority to refuse to issue a building permit if it determines that a residential development would compromise the safety of residents.
La. Const. Art. 6 § 17 provides:
 "Subject to uniform procedures established by law, a local government subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures.
The decision to invoke the authority granted to the Ouachita Parish Police Jury pursuant to La. Const. Art. 6 § 17 hinges on whether to do so would be in the interest of serving a public purpose. As a general rule, a public purpose has for its objective the promotion of public health, safety, morals, general welfare, security, prosperity and contentment of all inhabitants or residents, or at least a substantial part thereof. La. Atty. Gen. Op. No. 93-392; La. Atty. Gen. Op. No. 93-392(A). In earlier opinions, this office has pointed to the broad interpretation offered for "public purpose" by our courts. Particularly, in State v. Wilson Co., 154 So. 636; 179 La. 648 (1934), the court ruled that a public purpose is "such a purpose as redounds to the public welfare". See La. Atty. Gen. Op. No. 78-1260.
This office has consistently observed that a factual determination based on all the facts and circumstances is used to qualify actions taken by the local governing authority as a public purpose. Therefore, the Ouachita Parish Police Jury has the authority to determine whether protection of residents near a canal or of students and drivers loading and unloading buses, when taken in totality, serves a public purpose and should do so publicly to document the matter.
In addition to the foregoing statements, this office also notes the provisions of Chapter 1, Section 3 of the Louisiana Revised Statutes La.R.S. 1:3), which provides, in pertinent part, that the word "shall" is mandatory and the word "may" is permissive. La. Const. Art. 6 § 17, in its use of such permissive language provides that the local government subdivision can use its discretion as it relates to availing itself of the privileges granted therein. However, the parish governing authority is under no mandatory statutory duty to regulate such land use.
Moreover, La.R.S. 33:1236(36) (a) provides, in pertinent part that "police juries and other parish governing authorities shall have the power to regulate location and use of buildings, structures, and land for trade, industry, residence or other purposes". However, prior to the adoption of any building and zoning regulation by the governing authority of the parish of Ouachita, a proposition authorizing the imposition of the building and zoning regulation in unincorporated areas of Ouachita Parish shall be submitted to and approved by the electors of the unincorporated areas of Ouachita Parish. La.R.S. 33:1236(36) (f) (ii).
An unincorporated area shall be considered any area within a parish that has not filed a petition for incorporation with the registrar of voters for the parish in which the unincorporated area is located. Subsequent to filing of said petition and before incorporation, the governor must make a determination of the petition's validity and call a special election wherein the voters of the unincorporated area may vote on whether the unincorporated area shall become a municipality. See La.R.S. 33:1; La.R.S. 33:2; La.R.S. 33:3. Therefore, if the Swartz Community is an unincorporated area in accordance with the aforementioned statutory provisions, proposed building and zoning regulations of the Ouachita Parish Police Jury must first be voted on by the electorate. La.R.S. 33:1236(36) (f) (ii).
Trusting that this adequately responds to your inquiry, I remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ By: CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB:mjb
Date Released: February 7, 2003